SEALED

FILED

Mar 24 2023

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY    s/ melindajwilliams    DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

February 2023 Grand Jury

UNITED STATES OF AMERICA,

                Plaintiff,

    v.

CLAUDIO ALEJANDRO
       ESCALANTE-CAMINO,

            Defendant.

Case No. '23 CR0510 LAB

I N D I C T M E N T

Title 18, U.S.C.,
Secs. 1956(a)(1)(A)(i),
1956(a)(1)(B)(i), 1956(a)(2),
1956(a)(2)(B)(i), and 1956(h) –
Conspiracy to Launder Monetary
Instruments; Title 18, U.S.C.,
Secs. 981(a)(1)(C) and 982, and
Title 28, U.S.C., Sec. 2461(c) –
Criminal Forfeiture

The grand jury charges:

Count 1

Beginning on a date unknown to the grand jury and continuing up to the date of this indictment, within the Southern District of California, and elsewhere, defendant CLAUDIO ALEJANDRO ESCALANTE-CAMINO, did knowingly and intentionally conspire and agree with other persons, known and unknown to the Grand Jury:

    a.    to knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which involved the proceeds of specified unlawful activity, that is, the felonious importation and distribution of controlled

MJS:nlv:Imperial:3/24/23

substances, with the intent to promote the carrying on of the specified unlawful activity, and that while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i); and

b. to knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which involved the proceeds of specified unlawful activity, that is, the felonious importation and distribution of controlled substances, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity; in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 1956(h); and

c. to transport, transmit, and transfer a monetary instrument and funds from a place in the United States to and through a place outside the United States with the intent to promote the carrying on of specified unlawful activity, that is, the felonious importation and distribution of controlled substances punishable under Title 21, United States Code, Chapter 13, in violation of Title 18, United States Code, Section 1956(a)(2)(A); and

2

d.  to transport, transmit, and transfer a monetary instrument and funds from a place in the United States to and through a place outside the United States, knowing that the monetary instrument and funds involved in the transportation, transmission and transfer represented the proceeds of some form of unlawful activity and knowing that such transportation, transmission and transfer was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, that is, the felonious importation and distribution of controlled substances punishable under Title 21, United States Code, Chapter 13, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i).

All in violation of Title 18, United States Code, Section 1956(h).

## FORFEITURE ALLEGATION

1. The allegations contained in Count 1 are realleged and by their reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 18, United States Code, Sections 981(a)(1)(C), 982, and Title 28, United States Code, Section 2461(c).

2. Upon conviction of the offense alleged in Count 1 of this Indictment, and pursuant to Title 18, United States Code, Section 982(a)(1), defendant CLAUDIO ALEJANDRO ESCALANTE-CAMINO, shall forfeit to the United States, all property, real and personal, involved in such offense, and all property traceable to such property.

3. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

3

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third party;

c.    has been placed beyond the jurisdiction of the Court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the property listed above as being subject to forfeiture.

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982, and Title 28, United States Code, Section 2461(c).

DATED: March 24, 2023.

RANDY S. GROSSMAN
United States Attorney

By: _____
MATTHEW J. SUTTON
Assistant U.S. Attorney

4