MATTHEW J. LOMBARD  (SBN 239910)
LAW OFFICES OF MATTHEW J. LOMBARD
11400 West Olympic Boulevard, Suite 1500
Los Angeles, California 90064
Telephone (424) 371-5930
Facsimile (310) 392-9029
Email: mlombard@lombardlaw.net

Attorney for Defendant
CLAUDIO A. ESCALANTE-CAMINO

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. CR 23-00510-LAB |
| Plaintiff, | ) | **DEFENDANT'S SENTENCING MEMORANDUM, WITH EXHIBIT** |
| v. | ) | |
| CLAUDIO ALEJANDRO ESCALANTE-CAMINO, | ) | |
| Defendant. | ) | Date:  October 3, 2023 |
| | ) | Court: Hon. Larry A. Burns |

Defendant CLAUDIO ALEJANDRO ESCALANTE-CAMINO, through counsel, hereby and herewith submits his Sentencing Memorandum, with Exhibit.

Defendant reserves the opportunity to make additional comments through counsel at the sentencing hearing in this matter.

Date:  October 2, 2023          Respectfully submitted,

LAW OFFICES OF
MATTHEW J. LOMBARD

By     _/s/ Matthew J. Lombard_____
MATTHEW J. LOMBARD
Attorney for Defendant
CLAUDIO A. ESCALANTE-CAMINO

1

## I.

## OVERVIEW AND RECOMMENDED SENTENCE

On June 28, 2023, defendant Claudio Alejandro Escalante-Camino (hereinafter "Escalante"), age 27, pled guilty to a single-count indictment, Conspiracy to Launder Monetary Instruments, in violation of 18 U.S.C. §§1956(h); 1956 (a)(1)(A)(i); 1956(a)(1)(B)(i) and 1956(a)(2)(B)(i).  The specific criminal conduct of this defendant, Claudio Escalante, arose from his attempt to facilitate a series of illicit financial transactions totaling more than $15,000 but less than $40,000.

Defendant Escalante was arrested at the Las Vegas International Airport on March 27, 2023 on his arrival from Queretaro, Mexico.  He was transferred to the GEO Western Region Detention Facility in San Diego, where he has remained in pretrial detention.

As will be discussed in this memorandum, Claudio Escalate had a good upbringing.  To say that the experience of being arrested and confined for six months at the Western Region Detention Facility has been foreign to him, and at times harrowing, would be an understatement.  Nevertheless, Claudio understands, as he writes in his appended letter to the Court, that "every action generates a reaction." He has expressed contrition at each stage of these proceedings, starting from his arrest and continuing to the present.  There is little question that he has learned the necessary lessons from this experience, and any risk that he poses to recidivate is negligible.

In the Presentence Report, the Probation Officer has presented a thorough and accurate summary of the defendant's background, including his separation from his mother when he was one year old, his dedication to the paternal grandmother who raised him, and the early death of his older brother Jorge Escalante from Hodgkin's Lymphoma.

Claudio Escalante was born in Morelos, Mexico.  He grew up in middle-class neighborhoods in Queretaro, Mexico where he attended school until he went to college.  He recalls a childhood that was somewhat isolated and lonely.  He grew up feeling abandoned by his mother, and his father provided financial support but was never present. It was only after his father remarried that Claudio met the individuals through whom he became enmeshed in the conspiracy.  Young, unsophisticated, and eager to belong, Claudio acknowledges that he made a grievous mistake in his actions and associations, leading to the crime for which he has pled guilty.

Based on the "personal history and characteristics" of the defendant; on his lack of any previous criminal history; on his clear contrition and newfound maturity; and on his solid potential going forward, undersigned counsel respectfully requests a sentence of 6 months imprisonment, which is the functional equivalent of Time Served.

As is reflected in the numerous appended character letters, Claudio Escalante has a broad support network consisting of family and friends who attest to his commitment to educate and improve himself, and the aberrant nature of his conduct. Several letters have been received from family and friends. The appended letters, including the defendant's letter to the Court, attest to Claudio Escalante's regret at committing this violation. It is respectfully submitted that in this instance, a sentence below the advisory guidelines would be "sufficient, but not greater than necessary" to comply with the sentencing factors set forth at 18 U.S.C. §3553(a)(2) for this first-time offender.

## II.

### COMMENTS ON THE ADVISORY GUIDELINES

Defendant, through counsel, has no material objections to the information or guideline calculations in the Presentence Report.  The Probation Officer's calculates a base offense level of 12 [§2S1.1(a)(2) and §2B1.1(b)(1)(C)]; a 6-level increase for knowledge that the laundered currency was linked to distribution of a controlled

substance [§2S1.1(b)(1)]; a 2-level increase because the defendant was convicted under 18 U.S.C. §1956 [§2S1.1(b)(2)(B)]; and the 3-level reduction for timely acceptance of responsibility [§3E1.1(a) and (b)].

Pursuant to the Plea Agreement, the Government and the defendant also concur that a 4-level reduction for Complete Appeal Waiver/Early Resolution [§5K2.0] should apply.  Both the Government and the defendant stipulated to these advisory guidelines in good faith. In the Presentence Report (hereinafter PSR), the U.S. Probation arrives at a higher calculation because Probation, in keeping with office policy, does not factor in the Appellate Waiver/Early Resolution reduction. Thus, U.S. Probation arrives at a Total Offense Level of 17, Criminal History I, but nevertheless recommends a non-guideline sentence of 12 months and one day.

## III.

## ACCEPTANCE OF RESPONSIBILITY

At an early stage of these proceedings, Claudio Escalante advised undersigned counsel of his desire to accept full responsibility and begin making amends for his crime.  As reflected in his letter to the Court, which is appended, he is thoroughly ashamed of the illegal conduct that brings him to this juncture.

## IV.

## DEFENDANT'S HISTORY AND PERSONAL CHARACTERISTICS
## SUPPORT THE REQUESTED SENTENCE

The following social history information is presented in the spirit of 18 U.S.C. §3661 which sets forth, "No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."

A.    Family Background and Upbringing

Claudio Escalante was born on July 30, 1996 in Morelos, Mexico where he lived until the age of 8.  His father, Jorge Manuel Escalante Rueda, 50, is an

architect who owns a construction business in Queretaro, Mexico. His mother, Claudia Camino Garcia, 52, is a housewife. She, too, lives in Queretaro. Claudio's parents divorced when he was a year old. He had one older brother, Jorge Manuel Escalante Camino, who died of cancer in January of 2017, and a younger paternal half-brother, Pablo Emilio Escalante, age 9.

Claudio was raised by his paternal grandmother, Martha Escalante Rueda, now 70 years old. His father worked in Mexico City and would typically come to visit the children only on weekends. Claudio and his brother Jorge were adopted by their grandmother Martha, and they would rarely see their mother. When Claudio was 12 years old, his grandmother moved from the city of Morelos to Queretaro, which is where Claudio resided until this arrest. Claudio recalls that at the age of 13, he and his brother went back to the city of Morelos to live with their mother for one year, but by that time they were unable to establish much of a relationship with her.

Claudio reports that his grandmother was strict but that she was an excellent mother who did everything possible to teach him good values. Although his father provided steady financial support for Claudio and his brother, he was seldom present. When his brother Jorge turned 18 years old, he and Claudio moved out on their own. Claudio was 15 years old and they had to become independent. He stayed in school, and he learned to cook, clean and do household errands himself. By all accounts, Claudio and his brother shared a very close relationship.

Jorge was diagnosed with Hodgkin's sarcoma in the pylorus on December 16, 2016. Within ten days of initial detection, the cancer had metastasized to his lungs, kidneys and esophagus. Jorge died just weeks later on January 22, 2016. Until this day, Claudio has not been able to overcome the shock of suddenly losing his brother. He attended psychological counseling for a while, and he found that it did help him cope with his grief and was also beneficial in forming a better relationship with his parents.

B.      Education and Employment History

Claudio attended Sunhills Valley School in Queretaro, Mexico from the age of 8 to 17, where he learned to speak and write in English. He followed in the path of his father and earned a degree in architecture from Anahuac University in Queretaro. As a student, Claudio achieved solid grades and played on the soccer team.

Claudio's first job at age 16 was alongside his brother Jorge at Mi Barrio Restaurant in Queretaro. Then from the age of 18 until the date of this arrest, Claudio was involved with Central C, a business associated with his father that focused on commercial property rentals and sales. Three years ago, Claudio started a similar business, We Build, which is also engaged in commercial property rentals and sales.

In addition, Claudio markets art statues and donates the proceeds to non-profit organizations that assist individuals with autism. He adopted this mission to help children with autism because he has a young cousin who is autistic.

## V.

## CONCLUSION

Defendant Claudio Escalante understands that the hardship he is experiencing stems directly from his own misguided actions. The pre-trial detention that he has already undergone, confined to the GEO Western Region Detention Facility which lacks any of the programming available at BOP facilities, has made a stark impression on him. He has stated repeatedly that this is not what wants for his future.

Claudio is intensely and genuinely remorseful, has gained insight from this experience, and presents minimal risk to re-offend. Upon release from prison, he will be deported to Mexico and banned for life from returning to this country, even to visit. Given his reflective personality; his education, work ethic and skills; his contrite attitude and positive response in acknowledging and learning from this

failure on his part; there is every reason to believe that following his release from prison, Claudio will strive diligently to avoid further problems and instead be a credit to his community.

On the aforementioned grounds, as well as any argument that may be presented orally at the sentencing hearing, Defendant Claudio Escalante, through counsel, respectfully requests a term of six months imprisonment.

Date:  October 2, 2023                    Respectfully submitted,


                                          LAW OFFICES OF
                                          MATTHEW J. LOMBARD

                                          By     /s/ Matthew J. Lombard
                                          MATTHEW J. LOMBARD
                                          Attorney for Defendant
                                          CLAUDIO A. ESCALANTE-CAMINO