AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>CLAUDIO ALEJANDRO ESCALANTE-CAMINO (1) | **JUDGMENT IN A CRIMINAL CASE**<br>(For Offenses Committed On or After November 1, 1987)<br><br>Case Number:   3:23-CR-00510-LAB<br><br>Matthew J. Lombard<br>Defendant's Attorney |

**USM Number**   51248-510

☐  –

**THE DEFENDANT:**

☒  pleaded guilty to count(s)   1 of the Indictment

☐  was found guilty on count(s) _____
   after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| **Title and Section / Nature of Offense** | **Count** |
|---|---|
| 18:1956(A)(1)(A)(i), (a)(1)(B)(i), (a)(2), (a)(2)(B)(i), (h); 18:981(a)(1)(C), 982, 28:2461(c) - Conspiracy To Launder Monetary Instruments; Criminal Forfeiture | 1 |

The defendant is sentenced as provided in pages 2 through __2__ of this judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐  The defendant has been found not guilty on count(s) _____

☐  Count(s) _____ is   dismissed on the motion of the United States.

☒  Assessment: $100.00 payable forthwith
    –

☐  JVTA Assessment*: $
    -

*Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.

☒  No fine     ☒  Forfeiture pursuant to order filed   9/28/2023   , included herein.

   IT IS ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in the defendant's economic circumstances.

October 3, 2023
Date of Imposition of Sentence

*/s/ Larry A. Burns*
HON. LARRY ALAN BURNS
UNITED STATES DISTRICT JUDGE

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | Claudio Alejandro Escalante-Camino (1) | Judgment - Page **2** of **2** |
| CASE NUMBER: | 3:23-CR-00510-LAB | |

## PROBATION

The defendant is hereby sentenced to probation for a term of:
five (5) years

### SPECIAL CONDITIONS OF SUPERVISION

1. Do not enter the United States illegally.

2. The defendant must not commit another federal, state or local crime.

//

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  v.<br><br>CLAUDIO ALEJANDRO<br>ESCALANTE-CAMINO,<br><br>        Defendant. | Case No. 23cr0510-LAB<br><br>PRELIMINARY ORDER OF<br>CRIMINAL FORFEITURE |

WHEREAS, in the Indictment the United States sought forfeiture of all right, title and interest in properties of Defendant CLAUDIO ALEJANDRO ESCALANTE-CAMINO ("Defendant"), pursuant to Title 18 United States Code, Section 982(a)(1), all property, real, and personal, involved in the violation of Title 18, United States Code, Sections 1956(h) as charged in Count 1 of the Indictment, and all property traceable to such property; and

WHEREAS, on or about June 28, 2023, Defendant pled guilty before Magistrate Judge Karen S. Crawford to Count 1 of the Indictment, which plea included consent to the forfeiture allegations of the Indictment, including forfeiture of all properties seized in connection with this case, including but not limited to the Rolex Carbon Fiber GMT Watch, SN: 79D17324; and

WHEREAS, on July 21, 2023, this Court accepted the guilty pleas of Defendant; and

1 WHEREAS, by virtue of the facts set forth in the plea agreement, the United States has established the requisite nexus between the forfeited property and the offense; and,

WHEREAS, by virtue of said guilty plea, the United States is now entitled to possession of the above-referenced property, pursuant to 18 U.S.C § 982(a)(1) and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and,

WHEREAS, pursuant to Rule 32.2(b), the United States having requested the authority to take custody of the above-referenced property which is hereby found forfeitable by the Court; and

WHEREAS, the United States, having submitted the Order herein to the Defendant through his attorney of record, to review, and no objections having been received; Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. Based upon the guilty plea of the Defendant to the Count 1 of the Indictment, the United States is hereby authorized to take custody and control of the Rolex Carbon Fiber GMT Watch, SN: 79D17324 and all right, title and interest of Defendant CLAUDIO ALEJANDRO ESCALANTE-CAMINO in it is hereby forfeited to the United States pursuant to Title 18, United States Code, Section 982(a)(1) for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n).

2. The aforementioned forfeited asset is to be held by the Drug Enforcement Administration in its secure custody and control.

3. Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties. The Court shall conduct ancillary proceedings as the Court deems appropriate only upon the receipt of timely third-party petitions filed with the Court and served upon the United States. The Court may determine any petition without the need for further hearings upon the receipt of the Government's response to any petition. The Court may enter an amended order without further notice to the parties.

4. Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the

Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the United States' intent to dispose of the property in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited property must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

5. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

6. The United States shall also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Preliminary Order of Criminal Forfeiture, as a substitute for published notice as to those persons so notified.

7. Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to Title 21 U.S.C. § 853(n) as to the aforementioned asset, in which all interests will be addressed.

8. Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgement.

DATED: 9/27/2023

*Larry A. Burns*
Honorable Larry Alan Burns
United States District Judge